UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------------
CHRISTOPHER D. ARIOLA,

                                              Petitioner,


                    -v.-                                        9:07-CV-0057
                                                               (GLS)(DRH)
DARWIN LaCLAIR,

                                              Respondent.
------------------------------------------------------------------------------
APPEARANCES:

CHRISTOPHER D. ARIOLA
Petitioner, *pro se*

GARY L. SHARPE, U.S. DISTRICT JUDGE

### **ORDER**

        This is a habeas proceeding, brought pursuant to 28 U.S.C. §2254, challenging the

validity of petitioner's convictions for manslaughter and attempted robbery. Docket No. 4.

The Court recently ordered the amended petition served, and the respondent has not yet

filed a response to the petition.[1]  Presently before this Court is a motion by the petitioner

Christopher Ariola ("Ariola" or "petitioner") for injunctive relief.   Docket No. 7.

        Petitioner's motion for a preliminary injunction seeks a injunction against the Division

of Parole "estopping them from unconstitutional deprivations of liberty ...." *Id.*  In support of

his motion for injunctive relief, Ariola states that the Division of Parole has imposed

conditions on his living arrangements and have required him to pay a fee for a psychological

assessment. *Id.*

        The standard a court must utilize in considering whether to grant a request for

injunctive relief is well-settled in this Circuit.  As the Second Circuit noted in *Covino v.*

*Patrissi,* 967 F.2d 73 (2d Cir. 1992), the movant must show: (a) irreparable harm and (b)

------------------------------------

        [1]The respondent in this action is Darwin LaClair, the Superintendent of Great Meadow
Correctional Facility where petitioner was incarcerated at the time this action was filed. The
amended petition contains no challenges to petitioner's parole or the conditions thereof.

either (1) a likelihood of success on the merits of the claim or (2) sufficiently serious questions going to the merits and a balance of hardships tipping decidedly toward the party seeking injunctive relief. *Id.* at 77 (affirming district court's denial of inmate's request for preliminary injunction); *see also Roucchio v. LeFevre*, 850 F. Supp. 143, 144 (N.D.N.Y. 1994) (McAvoy, C.J.) (adopting Report-Recommendation of Magistrate Judge that denied inmate's request for injunctive relief).

However, the Court need not reach the merits of petitioner's motion because it is clear that the relief that petitioner seeks in his motion for injunctive relief is not related to the claims in his amended petition. *See Chavis v. Ryan*, 9:05-CV-100, 2007 WL 446440, at *1 (N.D.N.Y. Feb. 7, 2007). In addition, except in limited circumstances not relevant here, a court may not order injunctive relief as to non-parties to an action. *See* Fed. R. Civ. P. 65(d) (providing that "[e]very order granting an injunction . . . is binding only upon the parties to the action ..."); *Chavis*, 2007 WL 446440, at *2 (citation omitted). The Division of Parole is not a party to the underlying habeas proceeding. Thus, this Court may not issue an injunction in this action with respect to any actions of the Division of Parole.

WHEREFORE, on the basis of the above, it is hereby

ORDERED, that petitioner's motion for injunctive relief (Docket No. 7) is denied, and it is further

ORDERED, that the Clerk serve a copy of this Order on the petitioner.

IT IS SO ORDERED.

April 2, 2007
Albany, New York

United States District Court Judge