UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

CHRISTOPHER D. ARIOLA,

          Petitioner,          07-CV-57
                                                   (GLS/VEB)
    v.

DARWIN LACLAIR,

          Respondent.
_____

**APPEARANCES:**                      **OF COUNSEL:**

**FOR THE PETITIONER:**
CHRISTOPHER D. ARIOLA
*Pro Se*
02-B-2553
Franklin Correctional Facility
Malone, New York 12953

**FOR THE RESPONDENT:**
HON. ANDREW M. CUOMO        ASHLYN H. DANNELLY
New York Attorney General       Assistant Attorney General
120 Broadway
New York, New York 10271

**Gary L. Sharpe**
**U.S. District Judge**

## DECISION AND ORDER

### I. Introduction

On January 16, 2007, Christopher Ariola filed a petition under 28

U.S.C. § 2254 for a writ of habeas corpus, challenging his New York State conviction and sentence after he pled guilty to Manslaughter in the First Degree and an unrelated count of Attempted Robbery in the Third Degree. (*See* Dkt. No. 1.) Ariola's petition was referred to Magistrate Judge Victor E. Bianchini for report and recommendation. On February 20, 2008, Judge Bianchini issued a Report-Recommendation ("R&R") recommending that the petition be denied. (*See* Dkt. No. 21.)[1] Pending are Ariola's written objections ("Objections") to the R&R. (*See* Dkt. No. 22.) Upon careful consideration of the arguments, the relevant parts of the record, and the applicable law, the court adopts the R&R.

## II. Discussion

Ariola seeks a writ of habeas corpus on the grounds that: (1) he was denied due process when forced to undergo an "unprofessional" psychiatric examination prior to trial; (2) the sentencing court was without jurisdiction to convict him; (3) he was provided ineffective assistance by his trial counsel; and (4) his guilty plea was coerced and involuntary. Judge Bianchini found that none of these contentions warranted granting the requested relief.

A substantial portion of Ariola's objections to Judge Bianchini's

---

[1] The Clerk is directed to append the R&R to this decision, and familiarity is presumed.

2

findings are broadly asserted. The portions of the report-recommendation implicated by these objections are reviewed for clear error. *See Almonte v. N.Y. State Div. of Parole,* No. 9:04-cv-484, 2006 WL 149049, at *3-6 (N.D.N.Y. Jan. 18, 2006). The remaining objections are specific, and are reviewed under a *de novo* standard. *Id.* at *3-6.

### A.     General Objections

Ariola generally alleges that Judge Bianchini did not address his memorandum of law and dismissed his claims in conclusory fashion. (See Objections ¶¶ 1-2, Dkt. No. 22) As such, he demands that the court address his memorandum in full. *Id.* at ¶ 5.

Despite Ariola's protestations, a cursory review of the report-recommendation reveals that Judge Bianchini addressed each of the above grounds for Ariola's petition in thorough detail. Judge Bianchini even went so far as to discuss Ariola's mental competency to enter a guilty plea, though raised only tangentially in Ariola's brief. Accordingly, the court declines to address Ariola's entire brief *de novo*. Such a discussion would accomplish nothing more than to waste judicial resources through substantially duplicative opinions. Where a petitioner's objections are frivolous, broad and conclusory it is sufficient for the court to simply note

3

that the Magistrate committed no clear error. *See Almonte,* 2006 WL 149049, at *3-6.

**B.   Specific Objections**

Ariola next advances objections of sufficient specificity for the court to review them *de novo*. Ariola first contends that Judge Bianchini failed to address his argument that his guilty plea was coerced through unlawful psychiatric proceedings, abuse and medication while in psychiatric care, and ineffective assistance of counsel. (See Objections ¶ 3, Dkt. No. 22) Ariola also contends that it was error for the Magistrate Judge to find that many of his claims were waived because they challenged incidents occurring prior to his voluntary guilty plea. *Id.* at ¶ 4.

**1. Coercion**

Initially, the court must agree with Judge Bianchini's finding that Ariola's guilty plea was not coerced.

The report-recommendation does not explicitly discuss Ariola's allegations that medication and mistreatment by psychiatric professionals was used to coerce him into pleading guilty. Nevertheless, the report-recommendation does point out that Ariola's colloquy with the trial judge establishes that his guilty plea was made freely and knowingly. (See R&R

4

at 17-18 and record cites therein, Dkt. No. 21)  In response to the trial court's thorough inquiry into the voluntary and informed nature of Ariola's plea, Ariola gave no indication that he was pleading guilty against his will, or that he could not comprehend what was occurring.  (See Ex. B at 2-17, Dkt. No. 13)  Additionally, the report-recommendation addresses in excellent detail the obvious competence of Ariola's council in advising a guilty plea.  (See R&R at 26-30, Dkt. No. 21)  Therefore, Ariola runs afoul of the rule that post hoc, conclusory allegations of coercion will not negate a guilty plea where the plea allocution and other evidence establishes that the plea was made voluntarily, intelligently and on competent advice.  *See, e.g., United States v. Torres*, 129 F.3d 110, 112-13 (2d Cir. 1997).

### 2. Waiver by Guilty Plea

Ariola next objects that Judge Bianchini erred in finding that some of his claims were waived because they challenged incidents occurring before his voluntary and knowing guilty plea.  (See Objections ¶ 4, Dkt. No. 22)  Judge Bianchini posited this rule as grounds for dismissing Ariola's challenges to the competency hearing, the grand jury proceedings, and alleged Fourth Amendment violations arising out of his arrest.  (See R&R at 20-24, 26, Dkt. No. 21)

5

Despite Ariola's arguments to the contrary, it is well established that a voluntary and knowing guilty plea causes a petitioner to waive all non-jurisdictional objections to constitutional violations occurring prior to the plea.  *See Tollett v. Henderson*, 411 U.S. 258, 267 (1973) (holding that guilty plea waives claims based on constitutional violations occurring before the plea); *Lopez v. Riley*, 865 F.2d 30, 32 (2d Cir. 1989) (guilty plea precludes challenge to errors in grand jury proceeding).  Accordingly, because Ariola's arrest, the grand jury proceedings, and the competency hearing all took place before Ariola's voluntary and intelligent guilty plea, his challenges to these incidents have been waived.

## III. Conclusion

**WHEREFORE**, for the foregoing reasons, it is hereby

**ORDERED** that Ariola's application for habeas corpus relief is DENIED and his petition is DISMISSED; and it is further

**ORDERED** that Magistrate Judge Bianchini's February 20, 2008 Report-Recommendation is adopted in its entirety; and it is further

**ORDERED** that because Ariola has not made a substantial showing of the denial of a constitutional right pursuant to 28 U.S.C. § 2253(c)(2), a certificate of appealability will not be issued; and it is further

**ORDERED** that the Clerk provide copies of this Decision and Order to the parties.

**IT IS SO ORDERED.**

Date: May 19, 2008
Albany, New York

*Gary L. Sharpe*
Gary L. Sharpe
U.S. District Judge