**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

**CHRISTOPHER D. ARIOLA,**

                Petitioner,                07-CV-57
                                                          (GLS/VEB)
          v.

**DARWIN LACLAIR,**

                Respondent.
_____

**APPEARANCES:**                          **OF COUNSEL:**

**FOR THE PETITIONER:**
CHRISTOPHER D. ARIOLA
*Pro Se*
02-B-2553
Franklin Correctional Facility
P.O. Box 10
Malone, New York 12953

**FOR THE RESPONDENT:**
HON. ANDREW M. CUOMO         ASHLYN H. DANNELLY
New York Attorney General          Assistant Attorney General
120 Broadway
New York, New York 10271

**Gary L. Sharpe**
**U.S. District Judge**

## DECISION AND ORDER

### I. Background

On January 16, 2007, Christopher Ariola ("Ariola") filed a petition under 28 U.S.C. § 2254 for a writ of habeas corpus, challenging his conviction and sentence after he pled guilty to Manslaughter in the First Degree and an unrelated count of Attempted Robbery in the Third Degree. (*See* Dkt. No. 1.)  In his petition, Ariola contended that: (1) he was denied due process when forced to undergo an "unprofessional" psychiatric examination prior to trial; (2) the sentencing court was without jurisdiction to convict him; (3) he was provided ineffective assistance by his trial counsel; and (4) his guilty plea was coerced and involuntary.  *See id.*  On May 20, 2008, this court denied Ariola's application for habeas corpus relief and dismissed his petition on the merits.  (*See* Dkt. No. 25.)

Currently pending is Ariola's motion to "set aside the judgment" under FED. R. CIV. P. 60(b), on grounds that: (1) his underlying conviction was obtained without jurisdiction; (2) his plea was the product of coercion; and (3) his counsel was ineffective.  (*See* Dkt. Nos. 27, 28.)  For the reasons that follow the motion is denied.

## II. Discussion

FED. R. CIV. P. 60(b) provides that:

[o]n motion and just terms, the court may relieve a party or its

2

>   legal representative from a final judgment, order, or proceeding
>   for the following reasons: (1) mistake, inadvertence, surprise, or
>   excusable neglect; (2) newly discovered evidence that, with
>   reasonable diligence, could not have been discovered in time to
>   move for a new trial under Rule 59(b); (3) fraud (whether
>   previously called intrinsic or extrinsic), misrepresentation, or
>   misconduct by an opposing party; (4) the judgment is void; (5)
>   the judgment has been satisfied, released or discharged; it is
>   based on an earlier judgment that has been reversed or
>   vacated; or applying it prospectively is no longer equitable; or
>   (6) any other reason that justifies relief.

While Rule 60(b) may be used to attack "the integrity of [a] previous habeas proceeding," it may not be used as a vehicle to attack "the underlying criminal conviction" from which the previous habeas proceeding arose. *Harris v. United States*, 367 F.3d 74, 77 (2d Cir. 2004); *see also Gitten v. United States*, 311 F.3d 529, 532 n.4 (2d Cir. 2002). If a Rule 60(b) motion falls into this latter category the district court has two options: "(i) the court may treat the Rule 60(b) motion as a 'second or successive' habeas petition, in which case it should be transferred to [the Court of Appeals] for possible certification [under 28 U.S.C. § 2244][1], or (ii) the court may simply deny the portion of the motion attacking the underlying conviction 'as beyond the scope of Rule 60(b).'" *Harris*, 367 F.3d at 82

---

[1] § 2244(b)(3)(A) provides that "[b]efore a second or successive [habeas] application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application."

3

(quoting *Gitten*, 311 F.3d at 534).

In his current Rule 60(b) motion, Ariola contends only that the sentencing court in the underlying criminal case lacked jurisdiction, and that his plea was involuntary, coerced and the result of ineffective assistance of trial counsel.[2] These allegations satisfy none of the above described subsections of Rule 60(b). Rather, they clearly assert or reassert claims attacking Ariola's underlying conviction and sentence. *See, e.g., Lizalde v. United States*, No. 07-CV-5082, 2007 WL 437328, at *2 (E.D.N.Y. Dec. 10, 2007) (attack on jurisdiction of sentencing court in underlying action beyond scope of Rule 60(b)); *Parke v. United States*, No. 5:97-CV-526, 2004 WL 437464, at *1-3 (N.D.N.Y. Feb. 17, 2004) (same for sufficiency of trial counsel in underlying action). Accordingly, as Ariola does not attack the integrity of his prior habeas proceeding, the court denies his motion as beyond the scope of Rule 60(b).[3]

### III. Conclusion

**WHEREFORE**, for the foregoing reasons, it is hereby

**ORDERED** that Ariola's motion is DENIED in its entirety with

---

[2] Ariola does not specify which subsections of Rule 60(b) he is invoking.

[3] Of course, Ariola is nonetheless entitled to file an application with the Second Circuit seeking permission to file a second or successive § 2254 petition. *See* 28 U.S.C. § 2244.

prejudice; and it is further

**ORDERED** that the Clerk provide copies of this Decision and Order to the parties.

**IT IS SO ORDERED.**

Albany, New York
Dated: August 20, 2008

*Gary L. Sharpe*
Gary L. Sharpe
U.S. District Judge